**SO ORDERED.**

**SIGNED this 21st day of February, 2014.**



_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Mary Kernodle Bolden, | ) | Case No. 13-11254C-7G |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER AND MEMORANDUM OPINION REGARDING
MOTION TO AVOID JUDGMENT LIEN**

  This matter is before the Court without a hearing on the Motion to Avoid Judicial Lien of

Main Street Acquisition Corp., filed by the Debtor Mary Kernodle Bolden ("Debtor") on

December 27, 2013 [Doc. # 11] (the "Motion").

**Procedural Background and Facts**

  The Motion seeks to avoid the judicial lien of Main Street Acquisition Corp. ("Main

Street") pursuant to 11 U.S.C. § 522(f) and Rules 4003(d) and 9014 of the Federal Rules of

Bankruptcy Procedure.  According to the Motion, Main Street obtained a pre-petition judgment

in the North Carolina General Court of Justice, Superior Court Division, Caswell County, against

the Debtor in the amount of $18,150.22, plus attorneys' fees, costs, and interest, which judgment

was docketed on December 12, 2011 (the "Judgment").  The Debtor's residence is located at

11244 Cherry Grove Road, Reidsville, Caswell County, North Carolina (the "Residence").  Upon docketing of the Judgment by the Clerk of the State Court in Caswell County pursuant to N.C. Gen. Stat. § 1-233, Main Street obtained a judicial lien upon the Residence pursuant to N.C. Gen. Stat. § 1-234.

The Certificate of Service attached to the Motion indicates that it was served upon the Bankruptcy Administrator and the Chapter 7 Trustee appointed in this case.  The Certificate of Service further reflects that service was attempted on Main Street by mailing a copy of the Motion to Main Street as follows:

Main Street Acquisition Corp.           Sessoms & Rogers, PA
3715 Davinci Court                      Attorneys for Main Street Acquisition Corp.
Suite 200                               P.O. Box 52508
Norcross, GA 30092                      Durham, NC 27717


The Motion reflects that the value of the Residence is $70,000.00.  The Residence formerly was owned by the Debtor and her deceased husband as tenants by the entireties.  In addition to Judgment, the Residence is subject to a lien in favor of the Internal Revenue Service for taxes owed by the Debtor's deceased husband in the amount of $87,763.44.  The Debtor has asserted an exemption in the Residence of $35,000.

This is a no asset case.  Main Street has not filed a proof of claim, notice of appearance, or other filing which might have indicated its designation of any agent to receive service of process in this case.

## Analysis

As reflected in the Motion, a motion to avoid a judgment lien pursuant to 11 U.S.C. § 522(f) is governed by Bankruptcy Rules 4003(d) and 9014.  Rule 4003(d) provides in relevant part that "[a] proceeding by the debtor to avoid a judicial lien or other transfer of property

exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014." Fed. R. Bankr. P. 4003(d). Rule 9014(b), in turn, requires that "[t]he motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R. Civ.P." Fed. R. Bankr. P. 9014(b).

When serving a corporation, Rule 7004(b)(3) provides that service may be made by first class mail

> [u]pon a domestic or foreign corporation . . . by mailing [the motion] . . . to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Bankr. P. 7004(b)(3).

## Service Upon the Corporation

As set forth above, when serving a corporation, the service must be addressed to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service. In this case, service was attempted upon Main Street by mailing a copy of the Motion addressed to the corporation at its mailing address, as provided in the records of the North Carolina Secretary of State. Service was not addressed to the attention of any particular individual or officer. This is insufficient.

Courts are divided as to whether a specific individual must be named in the service, or whether the service may be more generally and generically addressed to the attention of an officer, managing or general agent, or other agent authorized to receive service. Compare In re Pittman Mechanical Contractors, Inc., 180 B.R. 453, 454-57 (Bankr. E.D. Va. 1995) (finding service upon the corporation, "ATTN: President or Corporate Officer", constituted service upon

an office, rather than upon an individual officer and thus deeming service insufficient; agreeing with In re Schoon, 153 B.R. 48, 49 (Bankr. N.D. Cal. 1993)), and In re Carlo, 392 B.R. 920, 921-22 (Bankr. S.D. Fla. 2008) (agreeing with Pittman, 180 B.R. at 454-57; Schoon, 153 B.R. at 49; and In re Saucier, 366 B.R. 780, 784-85 (Bankr. N.D. Ohio 2007)), with In re C.V.H. Transport, Inc., 254 B.R. 331, 333-34 (Bankr. M.D. Pa. 2000) (rejecting Pittman, 180 B.R. at 454-57, and Schoon, 153 B.R. at 49; holding that service upon the corporation addressed to the "'officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . .'" for the corporation was sufficient).

It is unnecessary at present for the Court to determine which of these two views is the correct interpretation of the rule, as service in this case, merely upon the corporation at its principal mailing address, was insufficient under either interpretation.  See In re St. Louis, 2013 W.L. 4498986, at *5 (Bankr. W.D. Tex. 2013) (observing the split in the courts, but finding that regardless of the correct rule, serving a corporation by corporate name alone is insufficient); In re Gonzalez, 2013 W.L. 1197666, at *2 (Bankr. D. N.J. 2013) (holding that service upon the corporation at its correct mailing address, but addressed generally to the corporation by name, is insufficient).

### Service Upon Counsel

In this case, Debtor also attempted service upon Main Street by addressing service to "Sessoms & Rogers, PA, Attorneys for Main Street Acquisition Corp."  In order for service upon counsel to be appropriate under Rule 7004(b)(3), counsel must have authority as an agent to accept service on behalf of the party to be served.  Fed. R. Bankr. P. 7004(b)(3).  "An agent's authority to accept process on the corporation's behalf may be implicit or explicit.  The phrase 'agent authorized by appointment' means an agent that is either expressly or implicitly appointed

by the corporation to accept service on its behalf." In re Reisman, 139 B.R. 797, 800 (Bankr. S.D.N.Y. 1992).

**Explicit Authority**

A corporation can expressly or implicitly appoint an entity (including, without limitation, counsel) to serve as an agent with respect to service of process.  An entity's appearances and activities in a bankruptcy case can express both explicit and implicit authority for an agent to receive service of process.  Courts have found varying degrees of activity by the corporation to indicate express authority for an agent to receive service of process on the corporation's behalf.  For example, in Reisman, the court rejected the argument that, by the attorney filing a Notice of Appearance, the corporation had acted expressly to appoint the attorney as an agent for service of process.  139 B.R. at 800.  See also In re Century Electronics Mfg., Inc., 284 B.R. 11, 19 (Bankr. D. Mass. 2002) (holding that without more, a notice of appearance alone is insufficient to find that service of process on an attorney is authorized).  In fact, the court in Reisman found that "[a]n agent's statement that he has been empowered to accept process is insufficient, standing alone, to establish authorization to receive process." 139 B.R. at 800 (citing Schultz v. Schultz, 436 F.2d 635, 639 (7th Cir. 1971); United States v. Marple Community Record, Inc., 335 F.Supp. 95, 101 (E.D. Pa. 1971); 2 J. Moore, Moore's Federal Practice ¶ 4.12 (2d ed. 1991)).

There is nothing in the record that indicates that Sessoms & Rogers, PA ("Sessoms & Rogers") has been explicitly appointed as Main Street's agent for service of process for purposes of this case.  As noted above, Main Street has not yet filed anything appearing on the record before the court.

**Implicit Authority**

As the United States Bankruptcy Court for the District of New Jersey has instructed, "[i]n the bankruptcy setting, an attorney who has provided a creditor active and vigorous representation in the main bankruptcy case may be found to have implied authority to receive service of process in a related adversary proceeding." In re Muralo Co., Inc., 295 B.R. 512, 519 (Bankr. D. N.J. 2003). "When a defendant takes an active role in a . . . [bankruptcy] case and appears through counsel in a proceeding integrally related to the case, such counsel is implicitly authorized to receive process for the defendants." Reisman, 139 B.R. at 801.

> To find implied agency for purposes of service of process, "courts look at all the circumstances under which the [party] appointed the attorney to measure the extent of the authority that the client intended to confer. If the purported agent's activities in the forum are substantial and involve the significant exercise of independent judgment and discretion, service on the agent is valid even in the absence of express authorization to accept service of process."

In re Ochoa, 399 B.R. 563, 568 (Bankr. S.D. Fla. 2009) (quoting In re Ms. Interpret, 222 B.R. 409, 416 (Bankr. S.D.N.Y. 1998)).

While the quantity of activity certainly is relevant to determining implicit authority, the quantity of activity does not necessarily have to be significant. The nature and quality of the activity also is an important consideration. For example, some courts have found that, by using a law firm's address on a proof of claim, an entity has authorized the firm to receive service of process. See Ms. Interpret, 222 B.R. at 415; In re Outlet Dep't Stores, Inc., 49 B.R. 536, 540 (Bankr. S.D.N.Y. 1985).

In this case, neither Main Street nor Sessoms & Rogers has taken any actions in the underlying bankruptcy case. Therefore, Sessoms & Rogers was not implicitly authorized to receive service of process, and service on Sessoms & Rogers was insufficient.

THEREFORE, IT HEREBY IS ORDERED, ADJUDGED, AND DECREED that, within fourteen (14) days of the entry of this Order, Counsel for the Debtor shall properly serve the Motion upon Main Street as required by Bankruptcy Rules 4003, 7004, and 9014 as set forth herein, and shall file an amended Certificate of Service for the Motion reflecting such proper service upon Main Street.  If an amended Certificate of Service is not filed within the time set forth herein, the Motion will be denied without prejudice and without further notice or hearing.

**END OF DOCUMENT**